NOT FOR PUBLICATION (Doc. No. 28)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| RYAN SULLIVAN, | : |
| Plaintiff, | : Civil No. |
|  | : 10-4204 (RBK/JS) |
| v. | : |
|  | : **OPINION** |
| MARINA DISTRICT DEVELOPMENT COMPANY, LLC, d/b/a/ BORGATA HOTEL CASINO AND SPA, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion for partial summary judgment filed by Marina District Development Company, LLC, d/b/a Borgata Hotel Casino and Spa ("Defendant"). Defendant moves to dismiss Ryan Sullivan's ("Plaintiff's") claims of negligent hiring, negligent training and negligent supervision. For the reasons expressed below, Defendant's motion is granted.

## I.   BACKGROUND[1]

On Sunday, August 18, 2008, Plaintiff and his friends traveled to mur.mur, a nightclub in the Borgata Hotel Casino and Spa. SMF ¶ 1. The group arrived at the nightclub shortly before midnight after having alcoholic beverages in their hotel room to

---

[1] These facts have been culled from Defendant's Brief in Support of its Motion for Partial Summary Judgment, and are generally uncontroverted. See Def.'s Br. Supp. Partial Summ. J., Statement of Material Facts ("SMF"); Pl.'s Br. Opp., Pl.'s Responses to Def.'s SMF ("Pl.'s Responses"). Where the parties disagreed, facts were construed in the light most favorable to Plaintiff.

celebrate Plaintiff's and his friends' twenty-first birthdays.  SMF ¶¶ 5-7.  A few hours after their arrival, at approximately 3:40AM, Plaintiff was told to leave the nightclub without explanation by Defendant's employees.  Pl.'s Responses ¶ 15.  Shortly thereafter, and without provocation, Plaintiff was physically restrained by two of Defendant's employees and led from the floor of the nightclub to a fire exit.  Pl.'s Responses ¶ 21.  To restrain Plaintiff, Defendant's employees used what is called "Mechanical Advantage Control Hold 2" ("M.A.C.H. 2").  SMF ¶ 19.  A M.A.C.H. 2 hold, taught to all mur.mur security officers, is a way of physically restraining a subject using their momentum against them.  After leaving the club through the fire exit, Defendant's employees forced Plaintiff to the ground in order to handcuff him, and in the process, broke Plaintiff's arm.  Pl.'s Responses ¶ 31.

Plaintiff filed his Amended Complaint on May 11, 2011 against Defendant, a number of Defendant's employees individually, and fictitious companies and individuals alleging Constitutional and civil rights violations as well as common law tort claims.[2]  Defendant filed its Answer on July 6, 2011.  Before the Court is Defendant's motion for partial summary judgment, filed on November 4, 2011, seeking to dismiss Plaintiff's claims for negligent hiring, negligent supervision and negligent training.

## II.   STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.

---

[2] In two stipulations, the parties agreed to the dismissal of Plaintiff's claims pursuant to 42 U.S.C. §1983, the New Jersey Law Against Discrimination, the New Jersey Civil Rights Act, and all remaining claims against John Applegate and Gary Danieski, two of Defendant's employees.  (Doc. Nos. 24, 29).

Ct. 2548, 91 L. Ed. 2d 265 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  When the Court weighs the parties' evidence, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court.  BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.   DISCUSSION

#### A.  NEGLIGENT HIRING

The New Jersey Supreme Court has recognized that a negligent hiring claim differs from a claim based on the theory of *respondeat superior*.  DiCosala v. Kay, 450 A.2d 508, 513 (N.J. 1982).  The tort of negligent hiring is based on the theory that employers should be accountable for exposing the public to potentially dangerous individuals, while *respondeat superior* is based on the theory that an employee's actions are done on behalf of the employer.  Id. at 515.  Thus, while liability in *respondeat superior* claims is limited to actions done by employees in the scope of their employment, negligent hiring claims can arise when an employee commits an intentional tort against a customer or member of the public, "an action almost invariably outside the scope of employment."  Id.

To support a claim for negligent hiring, it must be shown "whether the risk of harm from the dangerous employee to a person such as the Plaintiff was reasonably foreseeable as a result of the employment."  DiCosala, 450 A.2d at 516.  To prove this, a plaintiff must satisfy two fundamental requirements.  First, it must be shown that the employer had actual or constructive notice of dangerous attributes of an employee and "could reasonably have foreseen that such qualities created a risk of harm to other

4

persons." Id.  Second, it must be shown that "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." Id.  In determining what an employer should have known, it is settled doctrine that "[f]oresight, not hindsight, is the standard by which one's duty of care is to be judged." Johnson v. Usdin Louis Co., 591 A.2d 959, 961 (N.J. Super. Ct. App. Div. 1991) (quoting Hill v. Yaskin, 380 A.2d 1107, 1109 (N.J. 1977)).

The Court finds that neither requirement has been met in this case.  There is no evidence in the record that suggests that Defendant had or should have had notice of "unfitness, incompetence or dangerous attributes" of any of its employees involved in the incident.  To the contrary, the depositions of Defendant's employees exhibited the employees' fitness[3] and competence.  Since Plaintiff has failed to identify any evidence that Defendant had any notice of its employees' incompetence, unfitness, or dangerous characteristics, the second requirement of proximate cause is also not satisfied.

Plaintiff, ostensibly recognizing that there is no evidence in the record that Defendant was negligent in its hiring of the employees involved in the incident, claims that "[d]iscovery must proceed in order to determine what history the Individual Defendants have for such conduct."  Pl.'s Br. Opp., 8.  The Court notes that the period for discovery in this case had already expired by the date that Defendant filed its motion to dismiss.  By a jointly stipulated letter dated August 31, 2011, discovery in this matter was extended sixty days.  ECF Doc. No. 25.  Therefore, discovery closed as of October 31,

---

[3] During their depositions, Defendant's employees have consistently denied having any criminal histories. Defendant's Br. In Opposition to Plaintiff's Motion for Summary Judgment, Ex. B at 27:2-5; Ex. C at 18:13-16; Ex. D at 16:14-16; Ex. E at 16:20-25 and 17:1-3; Ex. F at 17:3-7.  Plaintiff has produced no evidence to the contrary.

2011. Defendant filed the instant motion to dismiss on November 4, 2011. Therefore, Plaintiff may not continue discovery at this time.

Since Plaintiff has uncovered no evidence through discovery showing a genuine dispute of material fact as to whether Defendant was negligent in hiring its employees, the claim is dismissed.

### B. NEGLIGENT SUPERVISION

Like the tort of negligent hiring, negligent supervision is separate from the theory of *respondeat superior* because it covers acts committed outside of the scope of employment. Dixon v. CEC Entm't, Inc., 2008 WL 2986422, at *16 (N.J. Super. Ct. App. Div. Aug. 6, 2008) (per curiam). Employers have a duty to supervise employees, and liability may be imposed if an employer fails to perform that duty. Id. An employer is only liable for negligent supervision, however, if all of the requirements for an action of tort for negligence exist. Id. To sustain its claim of negligent supervision, Plaintiff must show a dispute of material fact concerning whether Defendant should have reasonably foreseen that its employees would injure a customer during the performance of their duties.

Here, the Court finds that there is insufficient evidence to support a negligent supervision claim. To determine whether Defendant reasonably could have foreseen the alleged conduct, the personal and professional histories of Defendant's employees are the only evidentiary factor on the record to be examined. As noted above, Plaintiff's attorney deposed Defendant's employees about their criminal records and sought to uncover dangerous predispositions that could make the alleged events foreseeable to Defendant. See discussion supra note 3. Having found no evidence, Plaintiff simply asserts the

existence of a cause of action for negligent supervision and the legal conclusion that "the acts of the Individual Defendants . . . was a result in[sic] the failure of Defendant Borgata to supervise the Individual Defendants." Pl. Br. Opp., 9.  Without evidence in the record to support this conclusion, Plaintiff has failed to plead a claim for negligent supervision. Therefore, the claim is dismissed.

### C.  NEGLIGENT TRAINING

In order to establish a prima facie case for negligent training, Plaintiff must plead facts sufficient to sustain a claim of negligence.  In this case, those elements would be that (1) Defendant owed a duty to Plaintiff to properly train its employees; (2) Defendant breached that duty; (3) Defendant's breach of its duty to train its employees properly proximately caused Plaintiff's injury; and (4) Defendant's breach caused actual damages to Plaintiff.  Stroby v. Egg Harbor Twp., 754 F. Supp. 2d 716, 721 (D.N.J. 2010); see Weinberg v. Dinger, 524 A.2d 366, 374-75 (N.J. 1987).

In the present case, Plaintiff has failed to state a claim for negligent training because Plaintiff has not satisfied the second and third elements of a negligence claim. First, Plaintiff has not presented any evidence that Defendant's training was improper. While Plaintiff has established (and Defendant concedes) that his injury was caused by an altercation with Defendant's employees, he has not presented any evidence, through depositions or otherwise, that Defendant's employees' training or lack thereof was a factor in bringing about that altercation.  Second, Plaintiff has presented no evidence that the alleged negligent training of Defendant's employees was the proximate cause of Plaintiff's injury.  Causation is established when a plaintiff proves that his or her injury would not have happened "but for" a defendant's negligence in training its employees,

7

and that improper training was a substantial factor in bringing about Plaintiff's injury. Stroby, 754 F. Supp. 2d at 721.

Without evidence in the record substantiating the claim that Defendant improperly trained or failed to train its employees and that failure to train properly was a substantial factor causing Plaintiff's injuries, Plaintiff has failed to state a claim for negligent training. Therefore, the claim is dismissed.

## V.  CONCLUSION

For the reasons discussed above, Defendant's motion for partial summary judgment is **GRANTED**. An appropriate order shall issue today.


Date:_3/23/12_____          /s/ Robert B. Kugler_____
                                         ROBERT B. KUGLER
                                         United States District Judge